11-3724, 11-4066
National Labor Relations Board v. Beach Lane Management

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of December, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
              RALPH K. WINTER,
                              Circuit Judge,
              LAURA TAYLOR SWAIN,
                              District Judge.*

- - - - - - - - - - - - - - - - - - - - -X
NATIONAL LABOR RELATIONS BOARD,
          Petitioner/Cross-Respondent,

          -v.-                                    11-3724, 11-4066

BEACH LANE MANAGEMENT, INC., FSM
MANAGEMENT, INC., CARPE DIEM
MANAGEMENT, LLC, A SINGLE EMPLOYER,
          Respondent/Cross-Petitioner,
- - - - - - - - - - - - - - - - - - - - -X

---

\* Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR PETITIONER:**       ZACHARY HENIGE (Lafe E. Solomon, Celeste J. Mattina, John H. Ferguson, Linda Dreeben, Ruth E. Burdick, David A. Seid, on the brief), National Labor Relations Board, Washington, D.C.

**FOR RESPONDENT:**       DANIEL J. KORNSTEIN (Laurent S. Drogin, Tarter Krinsky & Drogin LLP, on the brief), Kornstein Veisz Wexler & Pollard, LLP, New York, New York.

Application for Enforcement and Cross-Petition for Review of an Order of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the application of the National Labor Relations Board to enforce its order is **GRANTED**, and the cross-petition for review is **DENIED.**

Petitioner-Cross-Respondent National Labor Relations Board ("NLRB") seeks enforcement of its order. Respondents-Cross-Petitioners (Beach Lane Management, Inc., FSM Management, Inc., Carpe Diem Management, LLC, a single employer (collectively, "BLM")) seek review of that order. The NLRB's order requires BLM to, among other things, cease and desist from engaging in unfair labor practices and to reinstate four superintendents who were discharged as a result of their activities on behalf of a labor union.

Our review of an NLRB order is "highly deferential." Int'l Union, UAW v. NLRB, 520 F.3d 192, 196 (2d Cir. 2008). "Specifically, we review the NLRB's factual findings to determine whether they are supported by substantial evidence in light of the record as a whole, and we review the Board's legal conclusions to ensure that they have a reasonable basis in law." Id. (internal citations and quotation marks omitted). "We review the remedy chosen by the Board for abuse of discretion." NLRB v. G & T Terminal Packaging Co., 246 F.3d 103, 119 (2d Cir. 2001).

1. Substantial evidence in the record as a whole supports the conclusion that BLM discriminated against the four superintendents by offering them less supplemental repair work, as a result of their protected organizing activities.

2

Although BLM points to various potential errors in the statistical exhibits relied upon by the NLRB, we will not displace the NLRB's decision because it is adequately supported in the record. <u>Id.</u> at 114.

2.  BLM also challenges the remedial language used in Paragraph 2(b) of the NLRB's order.  BLM waived this argument by not urging it before the Board.  29 U.S.C. § 160(e); <u>see also</u> <u>Elec. Contractors, Inc. v. NLRB</u>, 245 F.3d 109, 115 (2d Cir. 2001).

3.  Finally, BLM challenges the aspect of the order requiring that it reinstate Manuel Nina.  In contesting Nina's reinstatement, BLM points to Nina's dishonesty regarding his whereabouts.  Specifically, Nina was unavailable for two weeks while he was in the Dominican Republic and presented a forged doctor's note to cover up his absence.  But substantial evidence supports the NLRB's finding that BLM typically would have given Nina the benefit of the doubt regarding his lack of availability, and did not do so in this instance solely because of his union organizing activities.  Accordingly, the NLRB did not abuse its discretion in ordering Nina's reinstatement.

For the foregoing reasons, and finding no merit in BLM's other arguments, we hereby **GRANT** the NLRB's application for enforcement of its order and **DENY** BLM's cross-petition for review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3